UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ACEON D. MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:10CV2308 TCM |
| | ) |
| JAMES HURLEY,[1] | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court for review and final disposition of a petition for writ of habeas corpus filed by Aceon D. Mosley ("Petitioner") pursuant to 28 U.S.C. § 2254.[2] After reviewing the case, the Court has determined that Petitioner is not entitled to relief because the first ground for relief lacks merit and the other grounds for relief are procedurally barred. As a result, the petition will be denied without further proceedings.

## Background

---

[1] The record reveals that Petitioner was incarcerated at the Northeast Correctional Center (NECC) at the time this habeas action was filed and is still incarcerated there. Doug Prudden, the originally named Respondent, was the Warden of the NECC when Petitioner filed this action, but James Hurley is now the NECC's Warden and will be substituted as the proper Respondent. See Rule 2 (a), Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner is not serving consecutive terms of imprisonment as a result of the judgment he is now challenging. Therefore, because Petitioner is not challenging a sentence he will serve in the future, it is not necessary to name the Attorney General of Missouri, Chris Koster, as a respondent. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] The parties consented to the jurisdiction of the undersigned magistrate judge to resolve this proceeding. 28 U.S.C. § 636(c).

Petitioner was charged with statutory sodomy in the first degree, in violation of Mo. Rev. Stat. § 566.062, for having deviate sexual intercourse with A.R.R. ("Victim"), who was then less than fourteen years old, between April 26, 2002 and June 30, 2002. (Am. Information, Legal File, Resp't Ex. C, at 12.) Petitioner waived his right to a jury trial. (Waiver, Legal File, Resp't Ex. C, at 15.) After a bench trial, the trial court found Petitioner guilty of the charged offense and sentenced Petitioner to a ten-year term of imprisonment. (J. and Order, dated Feb. 20, 2007, Legal File, Resp't Ex. C, at 16; J., dated Feb. 28, 2007, Legal File, Resp't Ex. C, at 17-18; J. and Order Nunc Pro Tunc, dated Mar. 12, 2007, Legal File, Resp't Ex. C, at 19-20.)

On direct appeal, Petitioner raised one point: that the trial court plainly erred, abused its discretion, and violated Petitioner's rights to confrontation, due process, and a fair trial, as guaranteed by the Sixth and Fourteenth Amendments, by permitting Victim's mother ("Mother") to testify that Victim told her that Petitioner had molested him, which testimony constituted hearsay and improperly bolstered Victim's testimony. (Pet'r Br., Resp't Ex. D, at 8, 9.)

The Missouri Court of Appeals for the Eastern District affirmed the conviction and sentence in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. (Per Curiam Order and mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Feb. 26, 2008, Resp't Ex. F.) In its decision, the state appellate court found the facts as follows:

Between January 2002 and June 2002, . . . [Victim] and his [siblings] lived with Teresa Borndes while their mother . . . was incarcerated. Many other individuals stayed . . . or hung around the house at th[at] time . . ., including [Petitioner]. Victim testified that, one day, [Borndes] told him to go in the house with [Petitioner] and to do what [Petitioner] said. Victim, who was seven years old at the time, went into the basement with [Petitioner], where [Petitioner] pulled down Victim's pants and put his penis in Victim's mouth. [Petitioner] also fondled Victim's penis. Victim tried to scream, but [Petitioner] covered his mouth and choked him. Victim testified, "He told me if I told anyone he was going to kill me." Victim also testified that he did not tell anyone about the incident because he was afraid that [Petitioner] would kill him.

The first few times Mother asked if [Petitioner] had "messed with him" [Victim] denied it. However, he eventually told Mother about the incident. After she had been questioning his cousin about a different incident, she asked Victim if anything had happened to him. Mother testified, "At first they was like no. And they started crying. He . . . started crying, and then he told me for the most part, most of it." Mother testified that [Petitioner]'s name didn't come up at first, but that Victim, "just kept going on and on when it happened. He just kept getting sick to his stomach and he was crying. And it probably had been maybe fifteen or twenty minutes before he – I said who did this to you and then he told me." Victim told his mother it was [Petitioner]. Mother took Victim outside "when he started talking into stuff really happening."

Victim then talked to the police who referred him to the Child Advocacy Center. There, Carrie Danner, a forensic interviewer and therapist, interviewed Victim. During the interview, Victim stated that [Petitioner] took him inside, down to the basement, and made him suck his penis. While telling . . . Danner about the incident, Victim put his head down and was crying. When the video was offered into evidence, defense counsel objected based on the Confrontation Clause and pursuant to Section 491.075 (RSMo. Supp. 2004). The video was then viewed by the [trial] court before it was ruled admissible.

[Petitioner] testified that he was never alone with Victim and he did not commit the charged offense. [Petitioner]'s stepsister, grandmother and aunt confirmed that [Petitioner] was never with Victim. They and . . . Borndes testified that because of previous allegations against [Petitioner], he was never left in charge of the children at [Borndes's] house and never spent the night.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Feb. 26, 2008, Resp't Ex. F, at 2-3.)

The Missouri Court of Appeals noted that "criminal defendants are entitled to confront witnesses against them under the Confrontation Clause of the Sixth Amendment, made applicable to the states via the Fourteenth Amendment," but exceptions existed, including the hearsay exception in child sexual abuse cases provided by Mo. Rev. Stat. § 491.075.[3] The state appellate court concluded there was no plain error in the admission of Mother's testimony about Victim's out-of-court statements because Petitioner had failed specifically to object to that testimony and, without an objection, any improper bolstering of Victim's testimony was not plain error. Id. at 5-7. The Missouri Court of Appeals issued its mandate in Petitioner's direct appeal on March 19, 2008. (See docket sheet for State v. Mosely, No.

---

[3] The state appellate court quoted Mo. Rev. Stat. § 491.075 as providing that:

1. A statement made by a child under the age of fourteen relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings . . . as substantive evidence to prove the truth of the matter asserted if:

    (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

    (2) (a) The child testifies at the proceeding.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 30.25(b), dated Feb. 26, 2008, Resp't Ex. F, at 5.) To the extent Petitioner challenged on appeal the trial court's failure to hold the hearing required by this state statute, the Missouri Court of Appeals concluded there was no plain error in the failure to conduct the hearing because this was a judge-tried case and because Petitioner failed to object due to the absence of a hearing. Id. at 6, 7.

ED 89374 (Mo. Ct. App. filed Feb. 26, 2007) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Apr. 8, 2013).) Petitioner did not seek further review. (Id.)

Petitioner filed a timely pro se motion for post-conviction relief. (Pet'r Mot., filed May 27, 2008, Legal File, Resp't Ex. H, at 3-20.) In an amended motion, Petitioner argued that his counsel was ineffective for failing to call Rhonda Otten and Officer Burgun to testify at his trial and for failing to file and litigate a pre-trial motion to suppress or a motion in limine prior to advising him to waive his right to a jury trial. (Pet'r Am. Mot., Legal File, Resp't Ex. H, at 22.) The motion court denied the motion after holding an evidentiary hearing. (Mot. Court's Findings of Fact, Conclusions of Law, and J., dated Apr. 20, 2009, Legal File, Resp't Ex. H, at 33-35; Mot. Hr'g Tr., Resp't Ex. G.)

Petitioner raised only one claim in his post-conviction appeal, that the motion court clearly erred in denying his motion in that his counsel rendered ineffective assistance by failing to call Otten and Burgun at trial because their testimony would have contradicted Victim's testimony. (Pet'r Br., Resp. Exh. I, at 11, 13.)

The Missouri Court of Appeals for the Eastern District affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for its decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Feb. 23, 2010, Resp't Ex. K.) The state appellate court applied the ineffective assistance of counsel claim standard set forth in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and agreed with the motion court that

Petitioner had failed to show either that counsel's performance was unreasonable or that Petitioner was prejudiced. (Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Feb. 23, 2010, Resp't Ex. K, at 7-8.) Specifically, the court concluded that counsel's performance was not deficient because these two witnesses' testimony would not have provided Petitioner with a viable defense and was cumulative, and the decision not to call them was "a strategic decision" constituting a "reasonable trial strategy." (Id.) Additionally, the state appellate court found Petitioner had not established he was prejudiced by the failure to call those two witnesses because their testimony would impeach Victim's testimony regarding a separate incident not involving Petitioner but involving Petitioner's mother, and Petitioner's counsel's questioning of Victim during trial had shown Victim's inconsistent statements, failure to report Petitioner's conduct promptly or to Victim's counselor, initial denial of Petitioner's conduct, and dislike for Petitioner's mother. (Id. at 8.) Accordingly, the state appellate court affirmed the denial of post-conviction relief. (Id. at 9.) That court issued its mandate on March 18, 2010. (See docket sheet for State v. Mosely, No. ED 93079 (Mo. Ct. App. filed June 1, 2009) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Apr. 8, 2013).)

Petitioner then timely filed his federal habeas petition in which he presents four grounds for relief. First, Petitioner argues that the trial court erred in admitting Mother's testimony of Victim's out-of-court statements because the testimony constituted inadmissible

hearsay and the admission of Victim's statements violated the Confrontation Clause.[4] Second, Petitioner urges that it was improper for the trial court to believe Victim's testimony instead of his and, if Victim testified today, his testimony would be different. Petitioner also appears to include in his second ground for relief arguments that Victim should take a lie detector test or "be swabbed for DNA" and that, based on one witness' testimony, he was convicted of something he did not do. Third, Petitioner contends his trial counsel provided ineffective assistance by failing to show that Petitioner was not in contact with Victim or his siblings very often, which shows that counsel did not have Petitioner's best interests in mind and was, therefore, not competent. For his fourth and final ground for relief, Petitioner argues that he was denied due process of law in that he was not permitted to confront witnesses at trial, he was not given a lie detector test, and he was not properly arrested or allowed legal counsel upon his arrest.

Respondent counters that, with respect to the first ground, the question of hearsay is a matter of state law that is not properly considered in a federal habeas proceeding, and that the Confrontation Clause was not violated because both Victim and Mother testified during trial, citing **Crawford v. Washington**, 541 U.S. 36, 59 n. 9 (2004). Additionally, Respondent argues that the other grounds for relief, i.e., any other part of ground one and any part of grounds two, three, and four, are procedurally barred and may not be considered on

---

[4] This first ground for relief also appears to include claims that Petitioner did not stay at, but may have visited, Borndes's home during the relevant time, and that the conviction is based on hearsay rather than on substantial evidence.

their merits because Petitioner did not present them to the state courts and has not demonstrated cause and prejudice to avoid that procedural default.

## Discussion

Procedural Default.  To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim.  **Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (citing, in part, to Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)); accord **Baldwin v. Reese**, 541 U.S. 27, 29 (2004).  A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition.  **Wemark**, 322 F.3d at 1021 (internal quotation marks and citations omitted).  Claims that have not been fairly presented to the state courts are procedurally defaulted.  **Id.** at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001).  Alleged trial court errors, including constitutional claims of trial court error, must be raised on direct appeal; for "[p]ost-conviction motions cannot be used as a substitute for direct appeal or to obtain a second appellate review."  **State v. Clark**, 859 S.W.2d 782, 789 (Mo. Ct. App. 1993); accord **State v. Twenter**, 818 S.W.2d 628, 636 (Mo. 1991) (en banc) (a post-conviction proceeding "is not a substitute for direct appeal, and

matters that properly should have been raised by direct appeal may not be litigated in a post-conviction proceeding"). "If the allegations of trial error are constitutional violations, they are not cognizable [in a post-conviction proceeding] unless exceptional circumstances are shown which justify not raising the constitutional grounds on direct appeal." **Clark**, 859 S.W.2d at 789; accord **Amrine v. State**, 785 S.W.2d 531, 536 (Mo. 1990) (en banc); **Allen v. State**, 903 S.W.2d 246, 247 (Mo. Ct. App. 1995) (per curiam). Therefore, if a trial court's alleged violation of the constitution is not raised on direct appeal, the claim is defaulted absent exceptional circumstances justifying the failure to raise the errors on direct appeal, and then the matter may be pursued in a post-conviction proceeding.

On direct appeal Petitioner presented that portion of ground one challenging the admission of Mother's testimony setting forth Victim's statements regarding Petitioner's conduct; but not any other contention of trial court error. Accordingly, only that portion of ground one is not procedurally defaulted. Any other ground for relief based on any other trial court error is procedurally defaulted, unless it could have been and was presented in the post-conviction proceeding based on exceptional circumstances justifying the failure to pursue it on direct appeal.

In Missouri, in addition to allowing pursuit of an allegedly unconstitutional trial court error that falls within the "exceptional circumstances" exception to raising such an error on direct appeal, a post-conviction motion proceeding is the exclusive procedure for pursuing in state court any ineffective assistance of counsel claim; a motion court's decision on such motions are subject to appeal; and successive post-conviction motions are not permitted. Mo.

S. Ct. Rule 29.15(a), 29.15(k); 29.15(l); **Moore-El v. Luebbers**, 446 F.3d 890, 896 (8th Cir. 2006). Claims that should have been but were not presented in a post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted and may not be considered in a federal habeas proceeding. See **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended Rule 29.15 post-conviction motion or appeal from the denial of that motion are procedurally defaulted).

To the extent Petitioner could have pursued any alleged trial court error in his post-conviction proceeding, even if those claims were properly presented in his original or amended post-conviction motions, they were not pursued in his post-conviction appeal. To the extent Petitioner's ineffective assistance of counsel claim in ground three was presented in his original post-conviction motion, that claim was not pursued in the amended motion or in the post-conviction appeal. As a result, these grounds for relief are procedurally defaulted. Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default, or that the federal habeas court's failure to consider the defaulted claims will result in a fundamental miscarriage of justice. **Wemark**, 322 F.3d at 1022-23 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991), modified on other grounds by Martinez v. Ryan, 132 S. Ct. 1309, 1315, 1316-19 (2012)); accord **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." **Murray v. Carrier**, 477 U.S. 478, 488

(1986). Petitioner has made no allegations attempting to show cause for the default. When a petitioner does not establish cause for the procedural default, then it is not necessary to consider whether he has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

The fundamental miscarriage of justice "exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Petitioner has not submitted new evidence to support the actual innocence exception allowing consideration of the merits of his defaulted claims. "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

As a result, Petitioner is not entitled to relief on his procedurally defaulted claims, or grounds two, three, and four of his petition, as well as any part of ground one other than the part of that ground challenging the trial court's admission of Mother's testimony of Victim's

out-of-court statements on the basis that the testimony constituted inadmissible hearsay and violated the Confrontation Clause. Because all of petitioner's other grounds fro relief are procedurally barred, the Court will proceed to address the merits of the challenge to Mother's testimony as set forth in ground one only.

<u>Merits of Ground One - Standard of Review.</u> "In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to exercise only limited and deferential review of underlying state court decisions." **Lomholt v. Iowa**, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established United States Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams v. Taylor**, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." **Id.** at 407-08. "The unreasonable application inquiry is an objective one." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38, 44 (2011) (relying on Cullen, supra). The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" **Harrington v. Richter**, 131 S. Ct. 770, 785 (2011); accord **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (en banc) ("[T]he 'summary nature' of the [state court's] discussion of [a] federal constitutional question does not preclude application of the AEDPA standard"). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." **Harrington**, 131 S. Ct. at 784-85; accord **Johnson v. Williams**, 133 S. Ct. 1088, 1094 (2013) (Harrington presumption applies "when a state-court opinion addresses some but not all of a [petitioner]'s claims"). This presumption may "in some limited circumstances be rebutted." **Johnson**, 133 S. Ct. at 1096. When a state

court issues a summary ruling, the petitioner can only satisfy the "unreasonable application" prong of habeas review by showing there is no reasonable basis for the state court decision, which the federal habeas court assesses by determining what arguments or theories could have supported the state court decision and "'whether . . . fairminded jurists could disagree that those arguments or theories are inconsistent'" with a prior decision of the United States Supreme Court. **Cullen**, 131 S. Ct. at 1402 (quoting Harrington, 131 S. Ct. at 784, 786).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004) (internal quotation marks omitted) (quoting Jones v. Luebbers, 359 F.3d 1005, 1011-12 (8th Cir. 2004)). The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004). Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels. **Smulls**, 535 F.3d at 864-65.

Merits of Ground One. In ground one of the petition, Petitioner argues that the trial court erred in admitting Mother's testimony of Victim's out-of-court statements to her because those statements were inadmissible hearsay and the admission of the statements violated the Confrontation Clause. Respondent argues that the question of hearsay is a matter

-14-

of state law that is not properly considered in a federal habeas proceeding, and that the Confrontation Clause was not violated because both Victim and Mother testified at trial.

During his direct appeal, Petitioner presented this claim to the state appellate court on the basis of plain error only. The United States Court of Appeals for the Eighth Circuit has noted there is a "split of authority in [the] circuit about whether [a state appellate court's] plain error review 'cures' [any] procedural default" that may result from such review, see **Shelton v. Purkett**, 563 F.3d 404, 408 (8th Cir. 2009), and about "the appropriateness of plain-error review in the habeas context," see **Toua Hong Chang v. Minnesota**, 521 F.3d 828, 832 n.3 (8th Cir. 2008). In both of these cases, the Eighth Circuit applied the AEDPA's standard of review to the court's consideration of the merits of the claims that had been considered by the state courts under plain error review only. **Shelton**, 563 F.3d at 407-08 (not resolving the procedural default issues and concluding, based on the assumption the claims were subject to review, that "the AEDPA mandates a deferential review of a state court decision"); **Toua Hong Chang**, 521 F.3d at 831-33 (declining to apply plain-error analysis and instead applying analysis under Brecht v. Abrahamson, 507 U.S. 619 (1993), which "subsumes" the AEDPA test). Based on this case law, the Court will apply the AEDPA's standard to the consideration of the merits of ground one.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under this federal habeas Court's limited jurisdiction. See **Estelle v. McGuire,** 502 U.S. 62, 67-68 (1991); **Bounds v. Delo**, 151 F.3d

1116, 1119 (8th Cir. 1998). As a result, whether Mother's challenged testimony constituted inadmissible hearsay is not at issue for this Court to decide.

Rather, a federal habeas court may grant federal habeas relief based on a state court's admission of evidence only when the "'evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process. Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. . . . 1988)." **Abdi**, 450 F.3d at 338. In his direct appeal, Petitioner clearly presented the state appellate court with due process and Confrontation Clause challenges to Mother's testimony about what Victim had told her. To the extent this Court should consider the hearsay contention as a due process challenge to the admission of Mother's testimony, Petitioner may be entitled to federal habeas relief only when the state court's evidentiary ruling is "so conspicuously prejudicial or of such magnitude as to fatally infect the trial." **Bounds**, 151 F.3d at 1119 (internal quotation marks omitted) (quoting Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996)). Specifically, Petitioner must show there is a reasonable probability that the verdict would have been different absent the allegedly erroneous evidentiary ruling. **Harris v. Bowersox**, 184 F.3d 744, 752 (8th Cir. 1999). The burden to establish a state court's evidentiary ruling constituted a due process violation is "much greater than that required on direct appeal and even greater than the showing of plain error." **Mendoza v. Leapley**, 5 F.3d 341, 342 (8th Cir. 1993) (per curiam).

A review of the evidence admitted during trial reveals that Petitioner cannot establish a reasonable probability that the verdict would have been different absent Mother's testimony

about what Victim told her that Petitioner had done to him. During trial, Victim testified to what Petitioner did. (Trial Tr., Resp't Ex. A, at 10-50.) Victim's statements support the verdict. Therefore, any due process challenge to Mother's testimony about what Victim told her that Petitioner did to him is unavailing.

Petitioner's Confrontation Clause challenge to that testimony by Mother is also unpersuasive. "The Confrontation Clause of the Sixth Amendment provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." **Williams v. Illinois**, 132 S. Ct. 2221, 2232 (2012) (alternation in original). The Fourteenth Amendment makes the Confrontation "Clause binding on the States." **Michigan v. Bryant**, 131 S. Ct. 1143, 1152 (2011). In **Crawford**, supra, the United States Supreme Court found a Confrontation Clause violation in the admission of an unavailable witness' statements to police officers, statements the Supreme Court characterized as "testimonial" in nature, because the defendant had not had a prior opportunity to cross-examine the declarant. **Crawford**, 541 U.S. at 59, 68-69. Petitioner's case is distinguishable because, to the extent Mother's challenged testimony included statements by Victim that should be deemed "testimonial," both Mother and Victim testified during Petitioner's trial and were available for cross-examination by Petitioner. The Confrontation Clause also does not bar the admission of Mother's challenged testimony to the extent it includes statements by Victim that are not considered "testimonial" in nature. **Whorton v. Bockting**, 549 U.S. 406, 420 (2007) ("the Confrontation Clause has no application to [out-of-court non-testimonial] statements [that were not subject to prior cross-

examination] and therefore permits their admission"); see **United States v. Peneaux**, 432 F.3d 882, 896 (8th Cir. 2005) (concluding a foster parent was not "an agent of the State" and finding a child's statements to that foster parent not "testimonial" within the meaning of Crawford).

Having concluded Supreme Court cases regarding the Confrontation Clause would not prohibit admission of Mother's challenged testimony, and finding no due process violation in the admission of that testimony, the Missouri Court of Appeals' denial of this claim on direct appeal was not contrary to or an unreasonable application of clearly established federal law. Ground one is denied.

## Conclusion

For these reasons, Petitioner is not entitled to federal habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that James Hurley is **SUBSTITUTED** for Doug Prudden as the Respondent in this federal habeas proceeding.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** without further proceedings.

A separate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III  
THOMAS C. MUMMERT, III  
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of April, 2013.